OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioners seek a judgment prohibiting, restraining and enjoining the respondents from recouping certain sums of money, without first according the petitioners a full due process impartial hearing until the final determination of said hearing, and directing that all actions of the respondents in disallowing and rescinding, without notice and without hearing, certain incentive allowances actually paid in 1974, be vacated as a violation of constitutional due process.
The petitioner is a nursing home participating in the Medicaid Program for the State of New York. The respondent, Commissioner of Health, pursuant to section 2807 of the Public Health Law, determines rates of reimbursement to be paid by government agencies for hospital and health-related services under the Medicaid Program. Computation *716 of these rates for nursing home services are governed by subpart 86-2 of the Regulations of the Commissioner of Health (10 NYCRR). Such rates of reimbursement are determined on a prospective basis based upon an individual nursing home’s annual financial report. This prospective rate is provisional until an audit has been performed. Thereafter, a final rate is determined and adjustments made in accordance with the completed audit.
In the case at bar, the Office of Health Systems Management’s Audit Staff completed petitioners’ audit for the years 1972, 1973 and 1974, in 1978. The petitioners had received a prospective incentive factor for the year 1974, which incentive factor has purportedly been disallowed by the respondents after the above-stated audit (see former 10 NYCRR 86.31). Respondents, relying on said section, assert that they disallowed the incentive payment previously paid. At issue is whether they did in fact disallow the incentive allowance in the May, 1974 audit report, and if so, whether petitioners had adequate notice thereof. Although numerous items were detailed in the audit report, no mention was made of the 1974 incentive allowance except for a “ — ” (dash) beside that item.
On approximately September 26, 1979, the respondents forwarded a revised rate computation sheet for the period January 1, 1974 through December 31, 1974 to petitioners, computed supposedly on the basis of the settlement of the audit issues. The letter accompanying the applicable rate again did not mention the 1974 incentive allowance, nor did any of the negotiations prior to this revised rate computation. Only after the petitioners’ independent annual audit in April of 1980 was it discovered that the discrepancy in the amount paid stemmed from the total retroactive elimination of the 1974 incentive allowance previously granted and paid. Immediately thereafter, petitioners filed with the department an appeal on the question of the 1974 incentive allowance and thereafter, on May 29, 1980, the department denied petitioners’ request for an appeal or for an opportunity for a hearing on the issue. Petitioners assert that this was a violation of 10 NYCRR 86-2.7 (d) in that there was no mention, of the 1974 incentive allowance at the closing conference; of 10 NYCRR 86-2.7(e) in *717 that there was no mention of the 1974 incentive allowance in the audit report which must detail specific items; and finally, of 10 NYCRR 86-2.7 (f) which relates to the requirement of a written determination or opportunity for a hearing with regard thereto. Finally, petitioners assert that the audit recoupment schedule particularizing the rate adjustments and total impact of the various Medicaid revisions was never transmitted or disclosed to petitioners prior to July 25, 1980. Respondents’ objections in point of law are that the petition is barred by failure to timely exhaust administrative remedies, and by the Statute of Limitations set forth in CPLR 217.
The motion to dismiss the petition as based on the aforestated grounds shall be denied with leave to serve an answer. While the respondents argue that the petitioners were placed on notice of the department’s disallowance of the incentive factor, by the “ — ” next to that item, this court does not agree. Respondents have submitted affidavits from certified public accountants which establish that the “ — ” on the form was not calculated to give the petitioners notice of a disallowance. The affidavit of Herbert E. Kaplan, dated August 28, 1980, asserts in paragraph 4 that “Until the present situation involving Astor Gardens, I have never encountered a single instance in which an item has been arbitrarily disallowed without prior discussion or specific written and detailed notification with reasonable opportunity to reply.” He further states in paragraph 7 that “Based on my experience as a certified public accountant for more than twenty years, a ‘ — ’ next to an item on an audit report is intended and accepted as an indication that such item is either irrelevant or inapplicable to the audit report for the year under consideration.” Although petitioners initiated this proceeding on July 31, 1980, more than four months after the final agency determination of September 26, 1979, the petition is not barred by the Statute of Limitations. An intricate part of that September 26, 1979 final determination: to wit, the incentive factor disallowance, was not revealed by respondents.
Accordingly, the motion shall be denied.